THOMAS E. HICKS et al. v. C. J. WARD et al.

*Will—Power of Appointment—Uses and Trusts—Donee of a Power—Revocation—Mortgage.*

1. A will, which, after providing for the testator's other children, devised property to his son in trust for such person or persons and use or uses as he, by deed or will, should appoint, and until and in default of such appointment in trust for the sale and separate and exclusive use and benefit of the testator's daughter-in-law, the appointee's wife, confers upon the son a general power of appointment, under which he had a right to convey by mortgage or otherwise.

2. The mortgage by the donee of the power, providing that surplus was to be paid over to him and his heirs, etc., was a complete revocation of the trusts declared in the will.

This was a controversy without action, from GRANVILLE County, submitted to *MacRae, J.,* in the Fifth Judicial District.

In 1864 Thomas J. Hicks died, having previously made his will, the material parts of which are set forth in the opinion, wherein he devised to Edward H. Hicks, with general power of appointment as to certain property, real and personal, described, and limitation over in case of failure to execute it.

In an action against Edward H. Hicks, as executor in his own right, brought in the interest of the other distributees and parties in interest under the will, for an account and settlement of the personal estate, and sale of the real estate and division, according to the terms of the will, the real estate was sold by commissioner, and Edward H. Hicks was the purchaser thereof, except one lot. Afterwards, in compromise of a suit, Edward H. Hicks executed three notes, and, to secure the payment thereof, he and his wife executed a mortgage upon the lands purchased at the commissioner's sale, still retained by him. It was set forth in the mortgage

that the same was made by him in the exercise and execution of the powers conferred on him (said Edward H. Hicks) by the deed of the commissioner and the will of Thomas J. Hicks.

The other facts are sufficiently set forth in the opinion of the Court.

*Mr. J. W. Hays* (by brief), for plaintiff.
*Mr. R. W. Winston*, for defendant.

SHEPHERD, J.: As Edward H. Hicks purchased the land at the commissioner's sale and procured it to be conveyed to himself "upon the same trusts, and with the rights and powers declared and set forth in the will of his testator," and as the parties to the action have agreed to rest the decision upon the construction of the said will in reference to the authority of the said Hicks to execute the mortgage in question, it is only necessary that we should consider the nature and extent of power conferred upon him by the said instrument.

The testator, after providing for his other children, devised the property which is the subject of this controversy to his son, the said Edward, "in trust for such person, or persons, and use, or uses, as he (should) by deed or will appoint, and until, and in default of, such appointment in trust, for the sole and separate and exclusive use and benefit of his daughter-in-law Harriet (wife of said Edward), during her life, and at her death to be equally divided between the children," etc. This very clearly conferred upon Edward a general power of appointment (*Rogers* v. *Hinton*, Phil. Eq , 101), and under it he had the right to execute a valid mortgage. It is unlike a simple power to sell, which, it is very generally held, does not authorize the donee to charge the estate with such incumbrances. The language of the will is as broad and comprehensive as it can well be, and we

cannot hesitate in holding that the execution of the mortgage was authorized by the terms of the said power of appointment. 1 Sugden Powers, 496.

The other question to be determined is, whether the execution of the mortgage was such an appointment or revocation as to wholly defeat the trusts declared in the will. It is argued that, conceding the power to execute the mortgage, its execution was but an appointment or revocation *pro tanto*, leaving the equity of redemption, or the surplus after a sale, subject to the trusts above mentioned. This, as a general proposition, is well established by the authorities, as in equity mortgages are considered as only securities for money, and no alteration in the estate is made thereby. 1 Sugden Powers, 361.

It is equally well settled that where there is not only a mortgage, but an ulterior disposition inconsistent with the former (uses), it will operate in equity as a total appointment or revocation, unless there be a declaration that it shall be an appointment or revocation only *pro tanto*. Sugden, *supra*, 4 Cruise Dig., 202.

The case of Fitzgerald and Fauconbridge (Fitz., 207) is illustrative of the principle just stated. There, under a general power of appointment or revocation, William Fowler conveyed the fee to trustees "to raise and pay debts, and after the payment thereof that they should pay the overplus, and reconvey the estates unsold to him, or to such persons as he should appoint." By a deed of the same date he reserved the power to revoke the conveyance, and it was held that the former settlement was wholly revoked, and that "Fowler's intention was to do an act inconsistent with the former settlement, and to *put the estate into a new channel.*" This decision was approved by the House of Lords, and is cited, with approval, in Cruise on Real Property, 4 Book, 202.

In our case there is an express provision that the "overplus is to be paid over to the said Edward H. Hicks, his heirs, executors, administrators or assigns," and we cannot

but regard this as a plain manifestation of the intention of the donee of the power to revoke the settlement and assume entire dominion over the estate. Under the will he could have appointed to his own use (Williams Real Prop., 300; Sugden, *supra*, 471), and thus have defeated the trusts, and he has completely exercised this power by mortgaging the property and limiting the "overplus" to the use of himself and his right heirs. In this view we are sustained by Sir Edward Sugden, *supra*, 361, who says that "where the equity of redemption or residuary interest is settled differently, or a different power of disposition is reserved over it, even equity will hold the mortgage or conveyance a total revocation."

There is no error.                                      Affirmed.