ANNIE M. SIMMS AND HUSBAND, RICHARD J. SIMMS, v. ELIZABETH REID JONES HAWKINS; JAMES L. REID; ANDREW A. REID; AND ANNIE M. SIMMS, AS ADMINISTRATRIX OF THE ESTATE OF DAISY E. STOWE.

(Filed 17 April 1968)

**1. Mortgages and Deeds of Trusts § 13—**

A mortgagee or trustee in a deed of trust takes the legal title to the property merely as security for payment of the debt.

**2. Same—**

The estate of a mortgagee or a trustee in a deed of trust is a determinable fee terminating the instant the debt is paid or other condition of the mortgage or deed of trust is performed.

**3. Wills § 39; Mortgages and Deeds of Trust § 13—**

Under a will devising a life estate in realty to testator's wife "with the right and power to mortgage, sell, or lease the same, at her discretion," with remainder over to testator's daughter, the execution of a deed of trust on the property by the life tenant *is held* not to divest the remainder interest of the daughter since the deed of trust, not having been foreclosed, is merely security for a debt and does not alter the estate.

APPEAL by defendant Andrew A. Reid from *Clarkson, J.,* 15 January 1968 Schedule "C" Non-Jury Session of MECKLENBURG Superior Court.

This is an action for a declaratory judgment to determine the ownership of certain funds now held by the Clerk of the Superior Court of Mecklenburg County. The case was submitted to the Superior Court upon an agreed statement of facts, summarized as follows:

Leo N. Stowe died testate in January, 1963, leaving certain real estate in the City of Charlotte. The pertinent provision of his will is as follows:

"SECOND, I give, devise and bequeath to my beloved wife, Daisy E. Stowe, all of my right, title and interest whatsoever in all of my property, both personal and real, wheresoever situated, including that real estate located in the District of Columbia and in the City of Charlotte in the State of North Carolina, for, and during the period of her natural life, hereby granting unto my wife the right and power to mortgage, sell, or lease the same, at her discretion, both as to time and the selling price; and after her death, I hereby devise the remainder of my real estate to my daughter, Annie M. Simms, absolutely, and in fee simple. All the rest and residue of my estate, both real, personal and mixed, I give, devise and bequeath to my wife, Daisy E. Stowe,

and to my daughter, Annie M. Simms, share and share alike, as tenants in common."

On 8 July 1963, Daisy E. Stowe executed a deed of trust conveying the Charlotte property to trustees for First Federal Savings and Loan Association of Charlotte to secure a loan for $6400.00. Said deed of trust was on the customary form and included the usual covenants to the effect that grantor was seized of the property in fee with the right to convey the same in fee simple; provided that if the deed of trust were foreclosed, the proceeds, after payment of the indebtedness, expense of sale, etc., would be paid to the grantor; and that the terms and conditions of the deed of trust would bind, and the benefits inure to, the heirs of the grantor.

On 7 August 1963, Daisy E. Stowe died ,intestate, leaving as her heirs, two daughters and two sons. Defendant Andrew A. Reid is one of the sons and plaintiff Annie M. Simms is one of the daughters, she being a child of the marriage of Leo and Daisy Stowe; the other three were children of Daisy by a previous marriage.

Thereafter, the Housing Authority of the City of Charlotte condemned the property covered by the deed of trust and the proceeds of the condemnation action were paid to the Clerk of Mecklenburg Superior Court to be held pending determination of ownership.

The indebtedness secured by the deed of trust has been paid or will be paid from the condemnation action proceeds and there will be no foreclosure of the deed of trust.

The Superior Court entered judgment adjudging that plaintiff Annie M. Simms is entitled to the balance of the proceeds after payment of the Savings and Loan Association indebtedness and the costs of the action. Defendant Andrew A. Reid, through his guardian *ad litem,* appealed.

*Mark B. Edwards, attorney and Guardian ad Litem for defendant appellant Andrew A. Reid.*
*Reginald S. Hamel, attorney for plaintiff appellees.*

BRITT, J. Is a remainder interest in devised real estate cut off by the mere execution of a deed of trust by the life tenant who has discretionary power to mortgage, sell, or lease?

We hold that under the facts presented in this case, it is not.

Upon the execution of a mortgage or deed of trust on real estate, legal title to the land vests in the mortgagee or trustee, as the case may be, but only as security for the payment of the debt. *Gregg v. Williamson,* 246 N.C. 356, 98 S.E. 2d 481, and cases cited therein.

The estate of a mortgagee, or trustee in a deed of trust, is a determinable fee terminating the instant the debt is paid or other condition of the mortgage or deed of trust is performed. *Gregg v. Williamson, supra. Barbee v. Edwards,* 238 N.C. 215, 77 S.E. 2d 646.

In the case at bar, the real estate in question was devised to Daisy Stowe "during the period of her natural life, with the right and power to mortgage, sell, or lease the same, at her discretion." She exercised her power to "mortgage" the property — nothing more — and when the debt secured by the mortgage (deed of trust) is paid, thereby preventing foreclosure of the instrument, the estate conveyed by the deed of trust completely terminates.

Appellant cites and strongly relies on the case of *Hicks v. Ward,* 107 N.C. 392, 12 S.E. 318. Our holding in the instant case is not inconsistent with *Hicks.*

The opinion in *Hicks* does not disclose the nature of the action before the court and does not state whether or not the mortgage involved in the action had been foreclosed. From the original record in the case, we find that the *Hicks* case was an action to foreclose the mortgage referred to therein and to determine who would receive the proceeds from the sale of the land after paying the indebtedness secured by the mortgage, expense of the sale, etc.

In *Hicks* the parties agreed "to rest the decision upon the construction of said will in reference to the authority of the said Hicks to execute the mortgage in question." The testamentary provision in question was to "Edward, in trust for such person, or persons, and use, or uses, as he (should) by deed or will appoint, and until, and in default of, such appointment in trust, for the sole and separate and exclusive use and benefit of his daughter-in-law Harriet (wife of said Edward), during her life and at her death to be equally divided between the children," etc. The Supreme Court held that this very clearly conferred upon Edward a general power of appointment and under it he had the power to appoint to his own use and execute a valid mortgage.

We also find in *Hicks* the following:

"The other question to be determined is, whether the execution of the mortgage was such an appointment or revocation as to wholly defeat the trusts declared in the will. It is argued that, conceding the power to execute the mortgage, its execution was but an appointment or revocation *pro tanto*, leaving the equity of redemption, or the surplus after a sale, subject to the trusts above mentioned. This, as a general proposition, is well estab-

lished by the authorities, as in equity *mortgages are considered as only securities for money, and no alteration in the estate is made thereby.* 1 Sugden Powers, 361. (Emphasis added).
"It is equally well settled that where there is not only a mortgage, but an ulterior disposition inconsistent with the former (uses), it will operate in equity as a total appointment or revocation, unless there be a declaration that it shall be an appointment or revocation only *pro tanto.* Sugden, *supra,* 4 Cruise Dig., 202."

The court then declared that the provision in the *Hicks* mortgage providing that "the overplus is to be paid over to the said Edward H. Hicks, his heirs, executors, administrators or assigns" constituted a plain manifestation of the intention of the donee of the power to revoke the settlement and assume entire dominion over the estate.

We summarize some of the distinctions between *Hicks* and the instant case: In *Hicks* there was a general power of appointment, by deed or will; in the instant case there is only the power to mortgage, sell or lease. In *Hicks* there was a foreclosure of the mortgage, thereby fully implementing the terms and conditions of the mortgage; in the instant case there is no foreclosure of the deed of trust and "no alteration in the estate is made thereby."

We have carefully reviewed the record in this case and find no prejudicial error.

The judgment of the Superior Court is
Affirmed.

CAMPBELL and BROCK, JJ., concur.