HERITAGE COMMUNITIES OF NORTH CAROLINA, INC. v. POWERS, INC.
AND JON S. HARDER

No. 8015SC310

(Filed 2 December 1980)

1. **Estates § 2— deed of trust conveying dominant estate and easement — servient owner's acquisition of equitable interest in dominant estate and easement — no merger**

   An outstanding deed of trust, conveying a dominant estate and that estate's appurtenant easement over the servient estate, creates such an intermediate estate as will defeat application of the doctrine of merger when the legal owner of the servient estate acquires the equitable interest in the dominant estate and its appurtenant easement.

2. **Easements § 5.3— intent of parties to recognize easement — easement by implication — jury issues — summary judgment improper**

   In plaintiff's action to establish its right to a 60 foot roadway easement across defendant's adjoining tract of land, issues were raised by the evidence as to whether the true intent of the parties was to reserve the disputed easement to the original grantor at the time of conveyance of the second tract to defendants and as to whether an easement by implication was reserved to the original grantor when it conveyed the second tract to defendants, and the trial court erred in entering summary judgment for defendants where the evidence tended to show that, prior to execution of the deed from original grantor to defendants, the parties' agreement to sell and purchase certain properties included provisions that the tract would be conveyed clear of all liens and encumbrances except visible easements and that title to the property would be subject to certain matters referred to in a previously conducted title search; two of the matters in the title search referred to a 60 foot right of way for ingress and egress; plaintiff produced a number of affidavits of persons to the effect that Lake View Lane (apparently a road or street running over the disputed easement) was in use as a means of ingress and egress to apartment units located on the first tract at the time the second tract was conveyed to defendants; at the time of the conveyance of the second tract by the original owner to defendants, the disputed easement had been so long continued and so obvious and manifest as to show it was meant to be permanent; and the easement was necessary to the beneficial enjoyment of the land retained by the original owner at the time of the conveyance to defendants.

APPEAL by plaintiff from *Battle, Judge.* Judgment entered 20 November 1979 in Superior Court, ORANGE County. Heard in the Court of Appeals 6 October 1980.

Plaintiff landowner brought this action pursuant to G.S. 41-10 to establish its right to an easement across defendant's adjoining tract of land. In its complaint, plaintiff alleged that it is the owner of a 22.41 acre tract of land in Orange County (first tract) and that

defendants own an adjacent 22.61 acre tract (second tract), which is crossed by a sixty foot easement for ingress, egress, and regress to plaintiff's property. There are apartment buildings located on plaintiff's tract and the easement is necessary for some of plaintiff's tenants to have ingress and egress. Defendants have threatened to block the easement and deny its use to plaintiff and plaintiff's tenants. Without the use of the easement, plaintiff would have to remove an apartment building in order to provide ingress and egress for some of its tenants.

In their answers defendants alleged that plaintiff's tenants illegally used a sixty foot private road across defendants' tract and alleged that defendants have requested that plaintiff and its tenants cease using said private road. Defendants also denied that plaintiff had a right or entitlement to the easement and admitted that defendants had threatened to barricade the right of way.

Both parties moved for summary judgment. The affidavits, exhibits, stipulations and pleadings considered by the trial judge in ruling on the two motions show that the two adjacent tracts of land were both initially owned in 1971 by Valley Forge Corporation. On 1 December 1972, Valley Forge conveyed the first tract to Brandywine Associates together with a sixty foot easement across the adjoining second tract, for purposes of ingress, egress and regress across the second tract to State Road 1009. On 28 November 1973, Brandywine Associates reconveyed the first tract and the easement back to Valley Forge. This deed provided that the conveyance was made

> UNDER AND SUBJECT to a certain Deed of Trust by Brandywine Associates to W. P. Sandridge, Jr., Trustee, dated December 28, 1972, and filed on December 29, 1972 in the Orange County Registry . . . .

Valley Forge's second tract, the servient tract burdened by the easement described in the 1972 conveyance to Brandywine, was held by Valley Forge from 1971 until 25 August 1977 at which time Valley Forge conveyed the second tract to defendants. This deed contained no express reservation of the easement.

On 27 October 1977, Valley Forge conveyed the first tract to plaintiff. This deed expressly included in the conveyance the sixty-foot easement described in the 1972 deed to Brandywine.

In its judgment granting defendants' motion for summary judgment, the trial court held *inter alia* that plaintiff has no right, title, easement or other interest in the property of the defendants. Plaintiff appeals from entry of judgment for defendants and denial of its motion.

*Graham & Cheshire, by Lucius M. Cheshire and D. Michael Parker, for plaintiff appellant.*

*Powe, Porter & Alphin, by N.A. Ciompi, for defendant appellees.*

WELLS, Judge.

[1] The first question to be determined in this appeal is whether the easement granted by Valley Forge to Brandywine was destroyed through operation of the doctrine of merger when the dominant estate (first tract) was reconveyed to Valley Forge, as contended by the defendants.

Merger occurs

> when the owner of one of the estates, dominant or servient, acquires the other, because an owner of land cannot have an easement in his own estate in fee, for the plain and obvious reason that in having . . . the full and unlimited right and power to make any and every possible use of the land . . . all subordinate and inferior derivative rights are necessarily merged and lost in the higher right.

*Patrick v. Insurance Co.*, 176 N.C. 660, 670, 97 S.E. 657, 661 (1918); 28 C.J.S. Easements § 57(a), at 720-21 (1941). For the doctrine to operate there must be no intermediate estates of other parties in the property that would interfere with the owner's unlimited right and power to make any and every possible use of the land. *See Trust Co. v. Watkins*, 215 N.C. 292, 297, 1 S.E. 2d 853, 857 (1939); 28 C.J.S. Easements § 57(b), at 721 (1941).

The evidence shows that the re-conveyance from Brandywine to Valley Forge of the first tract and its appurtenant easement was made subject to a pre-existing deed of trust. There is no evidence in the record to show that this deed of trust was cancelled prior to the date of the conveyance of the second tract from Valley Forge to the defendants.

Plaintiff argues that: (1) the interest of the trustee under a deed of trust is sufficient to prevent the operation of the doctrine of merger, and, (2) summary judgment based on the merger doctrine is improper when the evidence shows that at the time of acquisition, the property was subject to an outstanding deed of trust.

Under North Carolina law the estate of a trustee in a deed of trust is a determinable fee. *Simms v. Hawkins*, 1 N.C. App. 168, 170, 160 S.E. 2d 514, 515 (1968); Webster, Real Estate Law in North Carolina § 229, at 272 (1971); *see also Elmore v. Austin*, 232 N.C. 13, 21, 59 S.E. 2d 205, 211 (1950); 59 C.J.S. Mortgages § 367, at 524 (1949).

We hold, therefore, that an outstanding deed of trust, conveying the dominant estate and that estate's appurtenant easement over the servient estate, creates such an intermediate estate as will defeat application of the doctrine of merger when the legal owner of the servient estate acquires the equitable interest in the dominant estate and its appurtenant easement.

The doctrine of merger will not be applied where to do so would be detrimental to the rights of the holder of an intervening estate. 31 C.J.S. Estates § 124, at 225-26 (1964).

[2] Another issue to be resolved in this case arises upon the evidence before the trial court. Although the deed conveying the second tract from Valley Forge to defendants contained no express reservation of the disputed easement, the metes and bounds description in the deed was followed by a reference to a recorded plat of the property. It is settled law that a map or plat referred to in a deed becomes a part of the deed as if it were written therein. *Kaperonis v. Highway Commission*, 260 N.C. 587, 598, 133 S.E. 2d 464, 471-72 (1963). The effect of such reference to a plat is to incorporate it into the deed as part of the description of the land conveyed. The plat referred to in the subject deed depicts the disputed easement by lines and distances, the area being labeled "Private 60' RWY". This constitutes some evidence that the grantor may have intended to reserve a private right of way of sixty feet as depicted on the plat.

It thus appears that the language in the deed leaves a question or doubt as to the intent of the parties regarding the reservation of the disputed easement. In order to ascertain that intent, it is proper

to consider the situation of the parties and the situation dealt with at the time of the conveyance. *See Reed v. Elmore*, 246 N.C. 221, 224, 98 S.E. 2d 360, 362 (1957), and cases cited therein.

Prior to the execution of the deed from Valley Forge to defendants, the parties entered into an agreement to sell and purchase certain properties, including the second tract. The agreement included the following two provisions: that the second tract would be conveyed "clear of all liens and encumbrances, except visible easements"; and that the title to the property would be subject to certain matters referred to in a previously conducted title search. Two of the matters in the title search referred to a sixty foot right of way for ingress and egress. On the point of "visible easements" on the property, plaintiff produced the affidavits of a number of persons to the effect that Lake View Lane (apparently a road or street running over the disputed easement) was in use as a means of ingress and egress to apartment units located on the first tract, at the time the second tract was conveyed to defendants. These circumstances constitute additional evidence that the parties to the conveyance to defendants may have intended that the easement be reserved to the grantor.

Plaintiff's evidence was sufficient, also, to raise an issue as to whether an easement by implication may have been reserved to Valley Forge. Plaintiff's evidence tends to show that at the time of the conveyance of the second tract by Valley Forge to defendants, the disputed easement had been so long continued and so obvious and manifest as to show it was meant to be permanent; and that the easement was necessary to the beneficial enjoyment of the land retained by Valley Forge at the time of the conveyance to defendants. *See McGee v. McGee*, 32 N.C. App. 726, 233 S.E. 2d 675 (1977). *See also Oliver v. Ernul*, 277 N.C. 591, 178 S.E. 2d 393 (1971) and Glenn, *Implied Easements in the North Carolina Courts: An Essay on the Meaning of "Necessary"*, 58 N.C.L. Rev. 223 (1980).

Summary judgment may properly be entered only when it is established that there is no genuine issue of material fact in the case and that the moving party is entitled to judgment as a matter of law. *Trust Co. v. Creasy*, 301 N.C. 44, 50, 269 S.E. 2d 117, 121 (1980); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). The moving party has the burden of clearly establishing by the record properly before the court the lack of any triable issues of fact. *Trust Co. v. Creasy, supra; Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189

(1972).

The triable issues of fact in this case are as follows: whether there was outstanding such an intervening estate as to defeat the operation of the doctrine of merger of estates; whether the true intent of the parties was to reserve the disputed easement to Valley Forge at the time of conveyance of the second tract to defendants; and whether an easement by implication was reserved to Valley Forge when it conveyed the second tract to defendants. Summary judgment was therefore improvidently entered, and, accordingly, there must be a new trial.

New trial.

Chief Judge MORRIS and Judge VAUGHN concur.