WILLIAM H. HODGES AND WIFE, BETTY L. HODGES, JOHN LEGG AND WIFE, MARGARET LEGG, AND DOUGLAS H. STARR AND WIFE, HENRIETTA STARR v. RUSSELL WINCHESTER AND WIFE, RONA K. WINCHESTER; RALPH W. WINCHESTER AND WIFE, LOIS WINCHESTER; AND H. S. WARD, JR., TRUSTEE FOR CLYDE SAVINGS AND LOAN ASSOCIATION

No. 8630SC1343

(Filed 21 July 1987)

**Easements § 5.3— easement by implication—sufficiency of evidence**

> Evidence was sufficient to show that plaintiffs owned an easement by implication across the lands of defendants where it tended to show that plaintiffs and defendants owned adjoining tracts of land which had a common source; at the time of severance there was then a road from plaintiffs' property across defendants' property to a road; plaintiffs' land was surrounded by a ridge of hills impractical to traverse; the fact that people lived there almost continuously during the many years involved necessarily indicated that they passed over defendants' land; and since there was no other road into the property, it could be inferred that the road referred to in the severance deed was the same road being regularly and openly used 35 years later when one witness was a child and being used for 40 or so years after that by whoever occupied the land and being used when defendants blocked it.

APPEAL by defendants from *Allen, C. Walter, Judge.* Judgment entered 21 July 1986 in Superior Court, SWAIN County. Heard in the Court of Appeals 8 June 1987.

*Siler & Clark, by Keith L. Clark, for plaintiff appellees.*

*Smith, Bonfoey & Queen, by Frank G. Queen, for defendant appellants.*

PHILLIPS, Judge.

The plaintiffs and the defendants own adjoining tracts of Swain County land that have a common source of title. Defendants' property is located between Sawmill Creek Road, a state maintained road, and plaintiffs' property, which is essentially a mountain cove surrounded by mountain ridges. Before this action was brought plaintiffs' property was served by an old service road that ran across defendants' property to Sawmill Creek Road. When defendants blocked the road plaintiffs sued to establish their ownership of an easement over it and defendants' land. Following a jury trial in which defendants presented no evidence the verdict was that plaintiffs own an easement by implication, but

not an easement of necessity or by adverse use. The only question presented by defendants' appeal is whether the verdict is sufficiently supported by evidence. We hold that it is.

Plaintiffs' evidence, in pertinent part, was as follows: Sometime before 1895 W. J. Dehart acquired title to both tracts involved. In 1895 when Dehart severed the two tracts by conveying the land now owned by plaintiffs, he made no express provision in the deed for ingress and egress over the tract now owned by defendants, but his deed contained a call stating "South 6 West 14 poles to a Spanish oak on the bank of the road at the gate," and plaintiffs contend that the road referred to is the road involved in this case. *Plaintiff William H. Hodges* testified that: In 1972 when plaintiffs purchased their property the road from it to Sawmill Creek Road, though very crude and apparently not used for some time, was passable with a car or truck and no other road led to the property. *Rosalie Dehart*, who was born in the Sawmill Creek Road community in 1924 and lived there until 1956, testified that: She is familiar with the two tracts of land; her father and grandparents once owned the land now owned by plaintiffs and her grandparents lived on the property in a log house until 1934; for several years after that the house was rented; from her earliest recollection there was a road into the place from Sawmill Creek Road about where the road in question is; the property was farmed and timber was cut and hauled out; the timber was logged out in the 1940's and the road was wide enough for big log trucks; and through the many years that she has known about the roadway it stayed open and was used without dispute or controversy until the present controversy arose. *James Herron*, a licensed land surveyor hired in 1978 by plaintiffs, testified that: In examining and surveying plaintiffs' property he found an old house site and evidence of a road leading from it across defendants' property to Sawmill Creek Road; that though he did not find either the Spanish oak or the gate referred to in the 1895 deed he located a stump which he believed was where the oak had stood. *Thomas W. Jones*, an attorney who searched the titles of the properties in question, testified that: Although there had been no express recognition of the easement in any of the deeds in plaintiffs' or defendants' chain of title, all the deeds contained the call "South 6 West 14 poles to a Spanish oak on the bank of the road at the gate," and he opined that in

view of the common source of title of the two tracts if the jury should find that the road was visible and in use at severance, that it had been continually used since then, and was the only reasonable access to plaintiffs' property, that plaintiffs would own an easement by implication.

In this state an easement by implication has three requisites: (1) a separation of title; (2) the use claimed must have been so obvious and long continued as to show it was meant to be permanent; and (3) the easement must be reasonably necessary to the enjoyment of the benefited land. *Barwick v. Rouse*, 245 N.C. 391, 95 S.E. 2d 869 (1957); *Carmon v. Dick*, 170 N.C. 305, 87 S.E. 224 (1915); *Dorman v. Wayah Valley Ranch, Inc.*, 3 N.C. App. 559, 165 S.E. 2d 561 (1969). Defendants concede that the first and third requisites have been established by evidence and it is clear, we think, when the evidence is viewed in the light most favorable to plaintiffs, *Husketh v. Convenient Systems*, 295 N.C. 459, 245 S.E. 2d 507 (1978), that the second requisite has also been established. The 1895 deed of severance shows that there was then a road of some kind from Sawmill Creek Road into what is now plaintiffs' property; that the land is surrounded by a ridge of hills impractical to traverse and people lived there almost continuously during the many years involved necessarily indicates that they passed over defendants' land; and since there was no other road into the property, it is inferable that the road referred to in the deed is the same road that was being regularly and openly used, without controversy or dispute, thirty-five years later when Mrs. Dehart was a child and that was used for forty or so years after that by whoever occupied the land and was still there and being used when defendants blocked it.

We therefore hold that plaintiffs have upheld their burden of proof, as required by the above decisions, and no error in the trial has been made to appear.

No error.

Judges EAGLES and ORR concur.