TOWER DEVELOPMENT PARTNERS, Plaintiff-Appellant v. SAMUEL ZELL, TRUSTEE UNDER TRUST AGREEMENT DATED OCTOBER 14, 1991; THE NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, THE CITY OF DURHAM, Defendants-Appellees

No. COA94-1017

(Filed 5 September 1995)

**1. Dedication §§ 12, 13 (NCI4th)— dedication of partial or entire street—adequacy of offer and acceptance**

There was a valid dedication of an entire street where the original owner, T. F. Stone Companies, recorded a plat of the subdivision showing the entire street and sold lots referring to the recorded plat; the plat included a statement, signed by the com-

pany president, which specifically dedicated the streets to the public; the company president was clothed with apparent authority such that the company was bound by his acts; defendant city maintained the streets, adopted the recorded plat into its official zoning map, and removed the land covered by the dedication from its tax rolls; and the entire street was dedicated by virtue of the fact that part of the street had been opened and used by the public since 1988.

**Am Jur 2d, Dedication §§ 22-24, 41-50.**

**Dedication: acceptance of some of streets, alleys, and the like appearing on plat as acceptance of all. 32 ALR2d 953.**

**Construction or maintenance of sewers, water pipes, or the like by public authorities in roadway, street, or alley as indicating dedication or acceptance thereof. 52 ALR2d 263.**

2. **Dedication § 11 (NCI4th)— dedication not signed by trustee—implied consent to dedication—dedication survives foreclosure**

   Where a trustee does not sign a dedication, the dedication is made subject to the deed of trust and is cut off by a subsequent foreclosure; however, when the mortgagee gives implied consent to the dedication by releasing lots sold referring to the plat which dedicates the streets, as the trustee in this case did, then the dedication is enforceable.

**Am Jur 2d, Dedication §§ 27, 28.**

3. **Easements § 9 (NCI4th)— driveway easements—no creation by express grant—no use of land belonging to another**

   Creation of driveway easements through express grant failed *ab initio* where the original owner of the land was the beneficial owner of both tracts when it purported to create the driveway easements; an easement is the right to use the land of another; and it would be inconsistent to grant the original owner an easement in the land, despite bare legal title resting in different trustees.

**Am Jur 2d, Easements and Licenses § 1.**

**4. Easements § 6 (NCI4th)— driveway easements—no creation by dedication**

Driveway easements were not created by dedication, since the driveways at issue were not offered to the public and accepted by some public authority as streets.

**Am Jur 2d, Dedication §§ 22, 42; Easements and Licenses § 17.**

**5. Easements § 17 (NCI4th)— easement by implication—18 months insufficient to establish**

A use of eighteen months is insufficient to create an easement by implication.

**Am Jur 2d, Easements and Licenses § 31.**

Appeal by plaintiff from order granting summary judgment signed 20 May 1994 by Judge Ronald L. Stephens in Durham County Superior Court. Heard in the Court of Appeals 23 May 1995.

*Petree Stockton, L.L.P., by J. Anthony Penry, Robert H. Lesesne, and David C. Hall, for plaintiff-appellant.*

*Newsom, Graham, Hedrick, & Kennon, P.A., by William P. Daniell and Joel M. Craig, for defendant-appellee Zell.*

*Attorney General Michael F. Easley, by Assistant Attorney General Emmett B. Haywood, for defendant-appellee North Carolina Department of Transportation.*

*Office of the City Attorney, by Assistant City Attorney Karen A. Sindelar, for defendant-appellee City of Durham.*

MARTIN, MARK D., Judge.

This suit involves a dispute over several easements claimed to burden plaintiff's land in southwest Durham County. Plaintiff contends the easements were either void *ab initio* or were later extinguished, while defendants contend the easements were validly created and continue to burden plaintiff's land. Plaintiff brought this action for a declaratory judgment as to the existence and validity of the easements.

The questions presented for review are whether the trial court erred by granting defendants' motion for summary judgment and by denying plaintiff's motion for summary judgment. We affirm in part and reverse in part.

TOWER DEVELOPMENT PARTNERS v. ZELL

[120 N.C. App. 136 (1995)]

The facts of the case are as follows. Plaintiff owns property in Durham County ("Tract One") adjacent to property owned under a trust by defendant Zell ("Tract Two"). These lands were originally one tract owned by the T.F. Stone Companies ("Stone"), a commercial development company, who replatted the land into separate tracts as part of an overall development plan.

In 1985 Stone requested and received approval of the site development plan by the City of Durham ("Durham"), and recorded the site map with the Register of Deeds. As a condition for approving the development plan, Durham required Stone to dedicate and build as a public street the 80-foot right-of-way known as Tower Boulevard. The street was shown on the recorded site development map and was to be built in stages as the different tracts were developed.

In October 1985 Stone executed and recorded a deed of trust encumbering Stone's entire tract in favor of Irving Trust Company. Irving Trust also agreed to finance the construction of a 17-story office building on Tract Two. Construction of the office tower began that same fall. The construction activities included clearing and grubbing for the first stage of Tower Boulevard and for the disputed driveways.

Stone later wished to develop or sell Tract One separately from Tract Two, and sought to have Tract One released from the Irving deed of trust. Irving Trust would not consent to releasing the tract unless Stone formally granted driveway, sewer and drainage easements over Tract One in favor of Tract Two. On 14 March 1986 Stone recorded a declaration of easement and subjected Tract One to a new deed of trust in favor of First City Savings Association. Irving Trust then released Tract One from its deed of trust. When the entire transaction was completed, bare legal title to Tracts One and Two had been separated and vested in different entities, but Stone retained beneficial ownership to the entire subdivision.

On 7 November 1986 Stone recorded a final plat showing the subdivision's lots and Tower Boulevard extending from Highway 15-501 to Pickett Road. The plat contained a statement, signed by Stone's president, Tommy F. Stone, that the plat was prepared at his direction and all streets shown thereon were dedicated to the public. Because of this offer to dedicate, Durham removed the proffered land from the tax rolls and has not assessed property tax on this land. Durham also included Tower Boulevard in its official zoning atlas.

When Stone recorded the plat dedicating Tower Boulevard, the trustee, First City, did not sign the dedication. First City, however, subsequently released lots from the deed of trust as Stone sold them, and Stone sold the lots referring to the recorded plat.

In May 1987 Stone conveyed its interest in Tract Two and the office tower to Triangle Equities, Inc. The office tower was completed and opened during the Fall of 1987 and the driveways crossing Tract One have been in continuous public use ever since. In June 1989 Irving Trust foreclosed on the deed of trust on Tract Two and sold the land and office tower to Landmark Tower, Inc. ("Landmark"). The deed to Landmark stated it passed "all privileges and appurtenances" belonging to the land, but did not explicitly refer to the driveway easements. On 16 October 1991 Landmark conveyed the land and office tower to defendant Zell. The deed to Zell specifically mentioned the driveway easements.

Paving of the first stage of Tower Boulevard was completed by 28 May 1988. On 16 April 1991 Durham requested that defendant North Carolina Department of Transportation ("NCDOT") complete the second stage of Tower Boulevard, connecting the street through to Pickett Road. Durham accepted maintenance of the road on 17 June 1991.

In May 1992 First City foreclosed on the deed of trust on Tract One and conveyed the property to plaintiff Tower Development Partners. However, defendants Durham and NCDOT, owners of the road easement, did not receive notice of the foreclosure proceedings.

Plaintiff instituted this action in September 1993 seeking a declaration that the driveway easements and the remainder of the Tower Boulevard easement were invalid. The trial court granted summary judgment in favor of all defendants on both issues and denied plaintiff's motion for summary judgment. Plaintiff appeals to this Court.

I.

[1] Plaintiff does not contest the dedication of the portion of Tower Boulevard completed in 1988, only its planned completion to Pickett Road. The issue is whether Stone's dedication of the entire street was valid.

Because North Carolina does not have statutory guidelines for dedicating streets to the public, the common law principles of offer and acceptance apply. *Emanuelson v. Gibbs*, 49 N.C. App. 417, 419,

271 S.E.2d 557, 558 (1980). The issue therefore narrows to whether Stone validly offered to dedicate the entire street and whether Durham validly accepted that offer.

Generally, where lots are sold and conveyed by reference to a plat which represents the division of a tract into streets and lots, recordation of the plat is an offer to dedicate those streets to the public. *Wofford v. Highway Commission*, 263 N.C. 677, 683, 140 S.E.2d 376, 381, *cert. denied*, 382 U.S. 822, 15 L. Ed. 2d 67 (1965). Stone recorded its 1986 plat of the subdivision, which showed Tower Boulevard extending from Highway 15-501 to Pickett Road, and sold lots referring to that recorded plat. Moreover, the plat included a statement, signed by Tommy F. Stone, which specifically dedicated the streets to the public.

Plaintiff asserts the offer to dedicate was invalid because the plat was not signed by the owner of the property, T.F. Stone Companies, but by Tommy F. Stone in his individual capacity. Nevertheless, the plat clearly states it was prepared for T.F. Stone Companies, Inc., and was signed by the company president whose name the business bears. We find, even if Tommy Stone did not sign the plat in his capacity as company president, he was clothed with apparent authority such that the company is bound by his acts. *See Foote & Davies, Inc. v. Arnold Craven, Inc.*, 72 N.C. App. 591, 595, 324 S.E.2d 889, 892 (1985).

We therefore hold there was a valid offer to dedicate the entire street from Highway 15-501 to Pickett Road.

The dedication is only complete, however, when the offer is accepted in some proper way by the responsible public authority. *Wofford*, 263 N.C. at 683, 140 S.E.2d at 381. Acceptance may be manifested not only by maintenance and use as a public street, but by official adoption of a map delineating the area as a street, followed by other official acts recognizing its character as such. *Bryan v. Sanford*, 244 N.C. 30, 35, 92 S.E.2d 420, 423 (1956).

Durham has not only maintained Tower Boulevard since June 1991 as one of its city streets, but has adopted the recorded plat into its official zoning map and has removed the land covered by the dedication from its tax rolls. These are sufficiently official actions to accept an offer to dedicate land. *See Id.*; *Lee v. Walker*, 234 N.C. 687, 696, 68 S.E.2d 664, 670 (1952) (holding taxes collected on land to be a factor to consider in determining the public character of land);

*Bryan*, 244 N.C. 30, 35, 92 S.E.2d 420, 424 (holding the city had accepted the dedication by approving the map and incorporating it into the city's zoning ordinance). We therefore hold Durham validly accepted Stone's offer to dedicate the entire street.

Plaintiff contends Durham has only accepted the completed portion of Tower Boulevard, but not the planned completion. Plaintiff in effect argues the dedication of this portion of Tower Boulevard has been withdrawn. The dedication of a street, however, may not be withdrawn if the dedication has been accepted and the street, *or any part of it*, is actually opened and used by the public. *Food Town Stores v. City of Salisbury*, 300 N.C. 21, 29, 265 S.E.2d 123, 129 (1980). Since part of Tower Boulevard has been opened and used by the public since 1988, we find the dedication of the remainder of Tower Boulevard to be operative.

[2] The dispositive issue becomes whether the dedication was extinguished by the foreclosure proceedings. Plaintiff claims, since the trustee did not sign the dedication, the dedication was made subject to the deed of trust and was cut off by the subsequent foreclosure. While this generally stated rule is correct, an exception applies. When the mortgagee gives implied consent to the dedication by releasing lots sold referring to the plat which dedicates the streets, then the dedication is enforceable. *Collins v. Asheville Land Co.*, 128 N.C. 563, 566-67, 39 S.E. 21, 22 (1901). First City released lots from the deed of trust as they were sold and thereby consented to the dedication of Tower Boulevard. Durham and NCDOT were consequently owners of an interest in land, entitled to notice of the foreclosure proceedings under our State's foreclosure statute. *See* N.C. Gen. Stat. § 45-21.16(b)(3) ("Notice of hearing shall be given . . . to . . . any person owning a present or future interest of record in the real property which interest would be affected by the foreclosure proceeding . . . ."). N.C. Gen. Stat. § 45-21.16(b)(3) (Cum. Supp. 1994). Their interest was therefore not extinguished by the foreclosure proceedings.

We have carefully reviewed plaintiff's remaining contentions in connection with the dedication issue and conclude they are without merit.

II.

Defendant Samuel Zell ("Zell") asserts the driveway easements were validly created under any of the following principles: (1) express grant; (2) dedication; or (3) implication. We will address each of these principles in turn.

**[3]** It is axiomatic in property law that one may not have an easement in his or her own land. *See Patrick v. Jefferson Standard Life Ins. Co.*, 176 N.C. 660, 670, 97 S.E. 657, 661 (1918); Patrick K. Hetrick and James B. McLaughlin, Jr., WEBSTER'S REAL ESTATE LAW IN NORTH CAROLINA, § 15-30 (4th ed. 1994). Zell admits Stone was the beneficial owner of both tracts when it purported to create the driveway easements. Nevertheless, Zell relies on *Heritage Communities v. Powers*, 49 N.C. App. 656, 272 S.E.2d 399 (1980), and argues there was sufficient separation of title to create the driveway easements under applicable law.

In *Powers* a tract of land benefitted by an access easement was conveyed to the owner of the servient estate. *Id.* at 657, 272 S.E.2d at 400. Ordinarily the doctrine of merger would apply and extinguish the easement; however, the conveyance of the dominant estate was subject to a pre-existing deed of trust. This Court held that the estate of the trustee was an intermediate, determinable estate that defeated application of the doctrine of merger. The easement was valid despite both tracts being under common ownership when the dominant estate was subject to a different deed of trust. *Id.* at 659, 272 S.E.2d at 401.

We find *Powers* distinguishable from the case *sub judice*. First, the instant case arises out of an attempt to create an easement, whereas *Powers* dealt with an easement already extant. Second, Zell's predecessor in title was the equitable owner of both tracts and merely divided bare legal title between different trustees. In *Powers*, on the other hand, legal and equitable title were clearly separated before, and the equitable titles merged when the servient estate was conveyed to the owner of the dominant estate. Third, the trustee's estate in *Powers* was intermediate between the legal and equitable estates, whereas no intermediate estate existed between Stone's legal and equitable titles to prevent the operation of merger.

Moreover, as the equitable owner of the land, Stone had the real and beneficial use of both tracts. Because an easement is the right to *use* the land of another, *Builders Supplies Co. v. Gainey*, 282 N.C. 261, 266, 192 S.E.2d 449, 453 (1972), it would be inconsistent to grant Stone an easement in this land, despite bare legal title resting in different trustees. Therefore, we hold creation of the driveway easements through express grant failed *ab initio*.

**[4]** Zell alternatively asserts the driveway easements were created by dedication. In a strict sense, however, a dedication must be made to

the public, and not to part of the public nor to private owners of particular land. In this latter situation the right is in the nature of an easement appurtenant. *Land Corp. v. Styron*, 7 N.C. App. 25, 27-28, 171 S.E.2d 215, 217 (1969). Furthermore, a dedication is not valid until the offer to dedicate is accepted by the responsible public authority. *Wofford*, 263 N.C. at 683, 140 S.E.2d at 381. Zell does not suggest the driveways at issue have been offered to the public and accepted by some public authority as streets. Accordingly, Zell's reliance on the principle of easement by dedication is inappropriate.

**[5]** Zell finally asserts the driveway easements were created by implication from prior use. The requirements for creation of an easement by implication are: (1) a separation of title; (2) the claimed use must have been so obvious and long continued as to show it was meant to be permanent; and (3) the easement must be reasonably necessary to the enjoyment of the benefitted land. *Hodges v. Winchester*, 86 N.C. App. 473, 475, 358 S.E.2d 81, 82 (1987). The first and third requirements are not disputed. The issue therefore lies in the second requirement: Was the driveway use so obvious and long continued as to show it was meant to be permanent?

The record does not clearly show when the driveways were paved, a factor we view as important in determining the permanence of the driveways. If the driveways were not yet paved when title was separated, we would view them to be insufficiently permanent to imply an easement.

However, the issue is not resolved even if the driveways were paved when title was separated. The use must still have been "so . . . long continued as to show it was meant to be permanent." *Id.* Assuming the drives were paved at the earliest possible date, Fall 1985, they would have been in use only approximately eighteen months when Tract Two was conveyed in Spring 1987. Zell has not directed us to any authority which supports creation of an easement by implication in such a short time. Our review of prior caselaw indicates the shortest time heretofore recognized as sufficient to imply an easement is thirteen years. *See Potter v. Potter*, 251 N.C. 760, 112 S.E.2d 569 (1960). The typical case has a use in excess of 30 years. · *See, e.g., Spruill v. Nixon*, 238 N.C. 523, 78 S.E.2d 323 (1953) (at least 35 years); *Biggers v. Evangelist*, 71 N.C. App. 35, 321 S.E.2d 524 (1984), *disc. review denied*, 313 N.C. 327, 329 S.E.2d 384 (1985) (30 years); *McGee v. McGee*, 32 N.C. App. 726, 233 S.E.2d 675 (1977) (60 years); *Dorman v. Ranch, Inc.*, 6 N.C. App. 497, 170 S.E.2d 509 (1969)

(42 years). We hold, under the facts of this case, that a use of eighteen months is insufficient to create an easement by implication.

In summary we hold Durham and NCDOT's property interest in the dedicated portion of Tower Boulevard was not extinguished by the foreclosure proceedings and accordingly affirm the trial court's grant of summary judgment on this issue for defendants Durham and NCDOT. We reverse the grant of summary judgment in favor of defendant Zell on the issue of whether the driveway easements were validly created and remand to the trial court for entry of summary judgment in favor of plaintiff.

Affirmed in part, reversed in part, and remanded.

Judges EAGLES and WYNN concur.