MOSK, J., Concurring.
I concur.
Although the deed of trust refers to “priority,” which could be viewed as just referring to a priority over other liens, I agree with the majority’s view.
There is another ground that should support the judgment: That is, there is or should be a so-called mortgage—in this case, deed of trust—exception to the merger doctrine. There is no authority in this state on that point. But as one authority has written, “it has been held that an easement is not terminated by merger when the dominant tenement is encumbered by a deed of trust or a mortgage at the time ownership of the servient and dominant tenement is *507 united in the same party. Preventing merger in such case equitably preserves the mortgagee’s security.” (Ely & Bruce, The Law of Easements and Licenses in Land (2013) § 10:27, fn. omitted; see Pergament v. Loring Properties, Ltd. (Minn. 1999) 599 N.W.2d 146, 149-151; Lewitz v. Porath Family Trust (Colo.App. 2001) 36 P.3d 120; Heritage Communities of North Carolina, Inc. v. Powers, Inc. (1980) 49 N.C. App. 656 [272 S.E.2d 399]; Rest.3d Property, Servitudes, § 7.5, com. d, p. 368; Note, Property Law—To Merge or Not to Merge: Determining the Scope of Mortgage; The Mortgage Exception to the Merger Doctrine (2000) 27 Wm. Mitchell L.Rev. 1331 [analysis of Pergament v. Loring Properties, Ltd. (Minn. 1999) 599 N.W.2d 146]).
To extinguish the interest of the beneficiary of a deed of trust or mortgage security by merger would “jeopardize, if it did not wholly destroy, the stability of every [such] security.” (Duval v. Becker (1895) 81 Md. 537 [32 A. 308, 310].) In this case and most such cases, the holder of the security is not a party to the transaction giving rise to the merger doctrine. It would be inequitable under the circumstances here to extinguish the security rights of such a beneficiary of the deed of trust when that security holder has no control over the transaction upon which extinguishment of the easement by the merger doctrine is claimed.
A petition for a rehearing was denied May 6, 2013, and respondents’ petition for review by the Supreme Court was denied July 10, 2013, S211014.