L. A. CARMON v. R. C. DICK ET AL.

(Filed 8 December, 1915.)

1. Easements—Way of Necessity.

> Where one conveys a part of his estate he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which were reasonably necessary for the use of that part.

2. Same—Character of Use.

> To create an easement or way of necessity over a part of the estate conveyed, formerly used by the owner before the severance of the estate for the benefit of the whole, it is required that there must be a separation of the title; that the former use of the way which gives rise to the easement shall have continued for so long a time and so obviously, or manifestly, as to show that it was meant to be permanent, and that it was necessary to the beneficial enjoyment of the land granted.

APPEAL by plaintiff from *Lyon, J.,* at March Term, 1915, of GUILFORD.

Civil action. Plaintiff alleged that he was entitled to an easement or right of way over a certain old and well-established private road or way

from his own lands to the public road from the south side of the county of Guilford to Gibsonville, and that the same had been used for many years as a private way by him and those under whom he claims, and he had so used the same adversely and under a claim of right. He also alleged that he was entitled to the said right, as one of necessity, he having purchased his tracts of land from the former owner of all the land, including the road or way, and being so surrounded by the lands of his grantors and others that he had no way out to any public road, and, besides, that the tracts he owns were sold to him by the owner of all the lands with reference to the said right of way, which had been laid out for many years and as a private road to a public highway, and that he and his immediate grantor, Joseph W. Foust, were induced to buy by reason of that fact, under the belief that the easement passed to them with the land, and, therefore, they are entitled to this right of way by estoppel.

The evidence tended to show that Daniel Foust was the owner of all that land "known as the home place." On 9 June, 1881, he conveyed a part of the said land, three hundred acres, to Joseph W. Foust. While Daniel Foust owned all the land, and before the date of his conveyance to Joseph W. Foust, he opened and used the road over which the plaintiff claims an easement, and which passed over his land and that part of it conveyed to Joseph W. Foust, and it was used as a road or private way continuously thereafter until the defendant built a fence across it and plowed the ground, and thereby completely obstructed it. The plaintiff claims his title to one part of the land, containing eighty-seven and one-half acres, by deed from Joseph W. Foust and others, dated 3 February, 1903, and to the other part, containing about ten acres, by deed dated 22 May, 1913, from J. B. Minor, who was appointed commissioner to sell the same in a partition proceeding between the heirs of Joseph W. Foust. This deed grants also "the right of egress, ingress and regress over said road bounding the above described property on the north, and so far as the grantor herein has authority to convey the same."

At the close of the evidence the presiding judge ordered a nonsuit, and the plaintiff appealed.

*King & Kimball for plaintiff.*
*John A. Barringer for defendant.*

WALKER, J., after stating the case: It seems to us that there was some evidence in this case upon which the plaintiff might have recovered. The rule is said to be general that, where one conveys a part of his estate, he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which are reasonably neces-

sary for the use of that part.   Jones on Easements, sec. 129; *Stone v. Burkhead,* 169 S. W., 489.   The doctrine is so well stated in *Irvine v. McCreary,* 108 Ky., 495 (56 S. W., 966), with a full citation of authorities, that we cannot do better than to reproduce here what is there said, quoting, as the Court does, from the text-books and cases:

"It may be considered as settled in the United States that, on the conveyance of one of several parcels of land belonging to the same owner, there is an implied grant or reservation, as the case may be, of all apparent and continuous easements or incidents of property which have been created or used by him during the unity of possession, though they could then have had no legal existence apart from his general ownership.   It is said in Kent Comm., 467: 'Some things will pass by the conveyance of land as incidents appendant or appurtenant thereto. This is the case with a right of way or other easement appurtenant to land. . . . And, if a house or store be conveyed, everything passes which belongs to and is in use for it, as an incident or appurtenance.' Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership, whether by voluntary alienation or by judicial proceedings, there arises by implication of law a grant or reservation of the right to continue such use.   In such case the law implies that with the grant of the one an easement is also granted or reserved, as the case may be, in the other, subjecting it to the burden of all such visible uses and incidents as are reasonably necessary to the enjoyment of the dominant heritage, in substantially the same condition in which it appeared and was used when the grant was made.   The rule of the common law on this subject is well settled.   The principle is that where the owner of two tenements sells one of them, or the owner of an entire estate sells a portion, the purchaser takes the tenement, or portion sold, with all the benefits and burdens which appear at the time of the sale to belong to it, as between it and the property which the vendor retains.   This is one of the recognized modes by which an easement or servitude is created.   No easement exists so long as there is a unity of ownership, because the owner of the whole may at any time rearrange the qualities of the several parts.   But the moment a severance occurs by the sale of a part, the right of the owner to redistribute the properties of the respective portions ceases, and easements or servitudes are created corresponding to the benefits and burdens mutually existing at the time of the sale.   This is not a rule for the benefit of purchasers only, but is entirely reciprocal.   Hence, if, instead of a benefit conferred, a burden has been imposed, upon the portion sold, the purchaser, provided the marks of this

burden are open and visible, takes the property with the servitude upon it. The parties are presumed to contract in reference to the condition of the property at the time of the sale, and neither has a right, by altering arrangements then openly existing, to change materially the relative value of the respective party."

This fairly and accurately states the doctrine as it has been finally settled by the authorities. See, also, *Stone v. Burkhead,* 169 S. W., 489; *Burwell v. Hobson,* 12 Grattan (Va.), 322; *Lebus v. Boston,* 92 Am. St., 333; *Feitler v. Dobbins,* 104 N. E. (Ill.), 1088. Three things are essential to the creation of an easement upon the severance of an estate, upon the ground that the owner before the severance made or used an improvement in one part of the estate for the benefit of another. First, there must be a separation of the title; second, it must appear that before the separation took place the use which gives rise to the easement shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent; and, third, that the easement shall be necessary to the beneficial enjoyment of the land granted or retained. An easement which is apparent and continuous, such as a drain or other artificial watercourse, a thing which is continuous in its service, and which does not require any active intervention of the owner for its continuance, and can always be seen or known on careful inspection, will pass on the severance of two tenements as appurtenant, without the use of the word "appurtenances"; but an easement which is not apparent and noncontinuous, such as a right of way, which is enjoyed at intervals, leaving no visible sign, in the interim, of its existence, will not pass unless the grantor uses language sufficient to create the easement *de novo.* Jones Easements, sec. 145; *Kelly v. Dunning,* 43 N. J. Eq., 62; 26 Pa. St., 438. It was said by *Justice Earle* that there is a distinction between an easement, such as a right of way or easement used from time to time, and an easement of necessity, or continuous easement, which the law recognizes, and it is clear that upon a severance of tenements an easement used as of necessity, or in its nature continuous, will pass by implication of law without any words of grant; but with regard to an easement which is used from time to time only, it will not pass, unless the owner, by appropriate language, shows an intention that it should pass. *Polden v. Bastard,* 4 B. & S., 258 (S. C. L. R., 1 Q. B., 156). A way of necessity is founded upon an implied grant, the necessity of itself not creating the right; but being only a circumstance resorted to for the purpose of showing the intention of the parties, and thereby raising the implication of a grant. This right is created by the change of ownership of a portion of an estate, the latter having attached to it, by construction, as an incident, a right of way over the ungranted portion, this being presumed to have been the intention of the parties.

Jones Easements, sec. 304, thus states this view: "This is an application of the maxim that one is always understood to intend, as an incident, to grant whatever is necessary to give effect thereto which is in the grantor's power to bestow. The rule applies when there has been a severance of the property, one portion of which has been rendered inaccessible except by passing over the other or by trespassing on the lands of a stranger. When a landowner conveys a portion of his lot the law will not presume it to have been the intention of the parties that the grantee shall derive no beneficial enjoyment thereof in consequence of its being inaccessible from the highway, or that the other portion shall, for like reason, prove useless to the grantor. This species of right of way, therefore, in the absence of anything to the contrary contained in the deed, becomes an incident to the grant as indicative of the intention of the parties."

As to what should be the degree of necessity in order to create this right by implication based upon the presumed intention of the parties, it was said in *Kelly v. Dunning, supra,* that the right must be necessary to the beneficial use of the land granted or retained, and to its convenient and comfortable enjoyment, as it existed at the time of the grant; this rule being deemed as eminently reasonable and just, and its adoption as essential, that full effect may be given to the principle of which it is an adjunct. Citing as supporting authorities *Ewart v. Cochrane,* 7 Jur. (N. S.), 925; *Pyer v. Carter,* 1 Hurl. & Norm., 916. It has been said that there is a tendency in recent cases to regard a way as a continuous and apparent easement, or one enjoyed without requiring the active intervention of the party entitled to it, as a drain, and to attach no special importance to the fact that it is used only from time to time, according to one's will and pleasure. Jones Easements, sec. 264; but we need not consider this view, as we are of the opinion that there is evidence in this case tending to show an easement of necessity over the road in question. Nor need we inquire whether there is some evidence of adverse user of the road for twenty years or more by the plaintiffs and those under whom they claim, within the rule stated in *Snowden v. Bell,* 159 N. C., 497, as it is quite sufficient to dispose of this appeal that there is one view of the evidence, when construed most favorably for the plaintiff, as it should be, under which he might have recovered, the court having ordered a nonsuit. The parties claim under a title derived from a common source, Daniel Foust, who once owned the entire tract of land and conveyed a part of it to Joseph W. Foust, under whom the plaintiff derives his title, and the defendants trace their title back to Daniel Foust through *mesne* conveyances from his executor. We do not hold that plaintiff is entitled to the right of way, as matter of law, but simply that there was some evidence upon which he was entitled

to recover. In addition to the authorities above cited, we may add another, *Clark v. Gaffney*, 116 Ill., 362, and also 14 Cyc., 1169 to 1176, and also 1181, where the subject is fully discussed and the authorities supporting the text are collected in the notes.

The nonsuit will be set aside and a new trial granted.

New trial.