ANNIE LAURA BARWICK v. HERMAN ROUSE AND WIFE, ANNIE LEE ROUSE.

(Filed 11 January, 1957.)

**1. Easement § 2—**

An easement by implication is created upon separation of title when a use has been so long continued and is so obvious as to show it was meant to be permanent, and the easement is necessary to the beneficial enjoyment of the land conveyed.

**2. Same—**

The owner of land, in dividing same among his children, conveyed a part of one tract to his daughter and the remainder of that tract to his son. Defendants acquired the son's land by *mesne* conveyances. The daughter claimed an easement appurtenant to the highway over defend-

ants' land upon evidence tending to show the existence of a road or cart-way thereover for a number of years before and after the severance of title. Defendants' evidence tended to show there never had been such road or cartway. *Held:* The verdict of the jury in defendants' favor as to the existence and use of the road is conclusive.

**3. Appeal and Error § 42—**

When the charge, read contextually, is free from prejudicial error, an exception thereto cannot be sustained.

**4. Trial § 31c—**

Where plaintiff tries her case solely on the claim of an easement appurtenant, she may not complain that the court failed to charge upon the questions of a right of way by prescription or by adverse possession, since these contentions are not embraced in the theory of trial.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Bone, J.,* at February 1956 Civil Term of WAYNE.

Civil action to require defendants to open alleged private road leading from certain land of plaintiff across certain land of defendants.

These facts appear to be uncontroverted:

1. On and prior to 27 September, 1927, W. H. Barwick owned a tract of land which embraced the land of plaintiff, and the land of defendants, described in the complaint. And on said date he made a division of his land among his children,—conveying to his daughter, the plaintiff, the 16-acre tract described in the complaint, and to his son Arthur Barwick the 34.25-acre tract also described in the complaint. The title to latter tract of land by *mesne* conveyances became vested in the defendants prior to the commencement of this action.

2. The 34.25-acre tract was adjacent to a public road, but the 16-acre tract did not adjoin any public road.

Plaintiff alleges in her complaint substantially the following: That on, and for more than twenty years before 27 September, 1927, W. H. Barwick owned and was in possession of said land as a single tract; that for said period of time, and since then, there was a road or cartway "extending northwardly and southwardly across said tract," which road or cartway had been, and was continuously used as an outlet from said land to the public highway; and that said road or cartway, having been so used continuously, was at the time of the respective conveyances by W. H. Barwick, and for many years both before and since, and still is "an appurtenance,"—a right that was conveyed to plaintiff.

Defendant answering denies in material part these allegations of the complaint.

And upon trial in Superior Court testimony of plaintiff, and of a number of witnesses introduced by her, tended to show the existence of the road or cartway and its use as alleged in the complaint.

Defendants, on the other hand, offered testimony tending to show that there never had been such a road or cartway, as contended by plaintiff.

The record discloses that the case was submitted to the jury upon the one issue raised by the pleading: "Is the plaintiff entitled to an easement in a specific roadway across the lands of the defendants, as alleged in the complaint?", and that the jury answered the issue "No."

Pursuant thereto the court signed judgment in favor of defendants. Plaintiff excepted thereto, and appeals to Supreme Court and assigns error.

*J. Faison Thomson & Son for Plaintiff Appellant.*

*Edmundson & Edmundson and John S. Peacock for Defendants, Appellees.*

WINBORNE, C. J.    The record and case on appeal disclose that the theory on which plaintiff bases her cause of action is that at the time of the severance of title by W. H. Barwick there existed the essentials for the creation by implication of law of a roadway easement from her land across the land of defendants as described in the complaint.

On the other hand, defendants deny the existence of such essentials.

The principle of law involved is well established in this and other jurisdictions.   In this connection it is a general rule of law that where one conveys a part of his estate, he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which are reasonably necessary for the use of that part.   *Ferrell v. Trust Co.*, 221 N.C. 432, 20 S.E. 2d 329, and texts and cases cited.

And notwithstanding the fundamental principle that a person cannot have an easement in his own land, "it is a well settled rule that where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary to the fair enjoyment of the other part of the estate, then upon a severance of the ownership, a grant of the right to continue such use arises by implication of law . . . The underlying basis of the rule is that unless the contrary is provided, all privileges and appurtenances as are obviously incident and necessary to the fair enjoyment of the property granted substantially in the condition in which it is enjoyed by the grantor are included in the grant."   17 Am. Jur. 945; Easements

Implied, Section 33. *Ferrell v. Trust Co., supra. Spruill v. Nixon,* 238 N.C. 523, 78 S.E. 2d 323.

Indeed there are three essentials to the creation of an easement by implication upon severance of title: (1) A separation of the title; (2) before the separation took place, the use which gives rise to the easement shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent; and (3) the easement shall be necessary to the beneficial enjoyment of the land granted or retained. 17 Am. Jur. 948; Easements, Section 34. *Carmon v. Dick,* 170 N.C. 305, 87 S.E. 224; *Ferrell v. Trust Co., supra; Spruill v. Nixon, supra.*

In the case in hand the trial judge, in charging the jury, declared these principles and expressly instructed the jury in respect thereto in the light of the facts as the jury should find them to be.

Appellants excepted to several portions of the charge,—particularly as it relates to the burden of proof. However, when the charge is read contextually it is clearly understandable, and is not susceptible of misunderstanding. In these exceptions, therefore, error is not made to appear.

Furthermore, appellant assigns as error the failure of the court to declare the law (1) arising on the evidence that a right of way by prescription was claimed over the land of the defendants to the land of plaintiff; and (2) arising on evidence of adverse possession and use under claim of right, for a period of twenty years. These contentions are contrary to the theory of the trial as set forth hereinabove, and are without merit.

Indeed there are numerous other assignments of error, based on various exceptions, all of which have been examined and considered, and found not to be meritorious.

Finally it may be said that the case appears to have been fairly presented to the jury under a charge free from error, and the jury has not accepted the contention of plaintiff.

Hence in judgment from which appeal is taken, there is

No error.

JOHNSON, J., not sitting.