ROAMIN BOWLER DORMAN, JR., TRUSTEE UNDER WILL OF R. B. DORMAN, DECEASED v. WAYAH VALLEY RANCH, INC.

No. 6830SC243

(Filed 5 February 1969)

1. Easements § 3— easement by implication upon severance of title

Where one conveys a part of his estate, he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed and which are reasonably necessary for use of that part.

2. Easements § 3— creation of easement by implication upon severance of title — essentials

The essentials to the creation of an easement by implication upon severance of title are: (1) a separation of the title; (2) before the separation took place, the use which gives rise to the easement shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent; (3) the easement shall be necessary to the beneficial enjoyment of the land granted or retained.

3. Pleadings § 19— demurrer

The complaint is to be construed liberally on demurrer.

4. Pleadings § 19— demurrer

A demurrer admits for the purpose of testing the sufficiency of the pleadings the truth of factual averments well stated and relevant inferences of fact reasonably deducible therefrom.

**5. Easements § 6— action to establish easement by implication — pleadings**

In action wherein plaintiff seeks injunction to require defendant to remove obstructions placed by defendant in a roadway leading to plaintiff's land and to recover monetary damages, the complaint *is held* to allege sufficient facts to show the three essentials for creation of an easement by implication in the roadway upon severance of title.

**6. Easements § 3— easement appurtenant to granted lands — conveyances**

An easement in a roadway which is appurtenant to granted land passes by each conveyance to subsequent grantees thereof.

APPEAL by plaintiff from *Bryson, J.,* April 1968 Session of MACON Superior Court.

This is a civil action in which plaintiff seeks an injunction to require defendant to remove obstructions placed by defendant in a roadway leading to plaintiff's land and to recover monetary damages. Plaintiff's amended complaint alleged:

Plaintiff is owner of a certain described tract of land in Macon County North Carolina, which lies some distance from the Wayah public road. Defendant is owner of a tract of land lying between plaintiff's land and said Wayah public road. Prior to 2 July 1937 both tracts of land were parts of a larger single tract then owned by John and Annie Slagle. On 2 July 1937 John and Annie Slagle conveyed the land now owned by plaintiff to Herman and Willa Menzel by warranty deed with habendum reading: "To have and to hold the aforesaid tract or parcel of land and all privileges and appurtenances thereto belonging to the said Herman Menzel and wife Willa H. Menzel, and their heirs and assigns, to their only use and behoof forever." On 22 January 1940 Herman and Willa Menzel conveyed said tract by warranty deed with habendum clause, including all privileges and appurtenances thereunto belonging, to R. B. Dorman. R. B. Dorman died leaving a will dated 19 July 1954 which has been admitted to probate in Macon County under the terms of which said land, together with all privileges and appurtenances appertaining thereto, was devised to the plaintiff as trustee.

John Slagle died prior to 18 February 1938 leaving a will by which he devised all his real estate in Macon County, including the land now belonging to defendant, to Annie Slagle. On 7 November 1945 Annie Slagle conveyed the land now belonging to defendant to T. H. and E. M. McNish, and on 24 November 1953 T. H. and E. M. McNish conveyed said property to the defendant.

Paragraph 12 of the amended complaint is as follows:

"12. That for many years prior to July 2, 1937, there was a dwelling house located upon the lands of the plaintiff as described in Paragraph 3 above, and ingress and egress to said dwelling and the land described in Paragraph 3 was by a road leading from said property over the property now owned by the defendant and to the Wayah public road, which road was the only means of access to said property, and which road was used for a great many years prior to July 2, 1937, by the occupants of said dwelling house; and that the metes and bounds description of the center line of the road leading from the property now owned by the plaintiff across the lands of the defendant to the Wayah public road is set forth as follows:" There then follows a metes and bounds description of such center line.

Plaintiff's amended complaint further alleges that after Herman and Willa Menzel secured title to the property presently owned by plaintiff on 2 July 1937, they used said road until the date they conveyed the same to R. B. Dorman on 22 January 1940; that R. B. Dorman, after securing title to said property, occupied the old house on the property for some time, and later secured the services of T. H. and E. M. McNish, who at that time owned the land now owned by defendant, to construct a new house on the property now owned by plaintiff, which new house was constructed by the McNishes, and all building material was hauled in over the road leading from property now owned by plaintiff to the Wayah public road; that the said R. B. Dorman occupied said dwelling as a summer home from that date until his death and used said roadway to gain access to his property, placed tile under said road, and kept the same in good condition. Plaintiff alleged that during the year 1961 the defendant obstructed the road leading to plaintiff's property, and has refused to allow plaintiff to use said roadway by automobile or other vehicles, and the only access the plaintiff has had to his property is by walking into the same. In paragraph 17 of the amended complaint plaintiff alleged that the land of the plaintiff does not abut upon any public road, and the road leading from Wayah public road over the land of the defendant is the only way the plaintiff can gain access to his property, and said road is necessary to the beneficial enjoyment of the land owned by the plaintiff.

Defendant demurred to the amended complaint. The demurrer was sustained, and plaintiff appealed.

*Jones, Jones & Key, by R. S. Jones, Jr., and J. H. Stockton, for plaintiff appellant.*

*Marcellus Buchanan for defendant appellee.*

PARKER, J.

[1, 2]    It is a well-recognized general rule of law that where one conveys a part of his estate, he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed and which are reasonably necessary for use of that part. *Barwick v. Rouse,* 245 N.C. 391, 95 S.E. 2d 869; *Spruill v. Nixon,* 238 N.C. 523, 78 S.E. 2d 323; *Ferrell v. Trust Co.,* 221 N.C. 432, 20 S.E. 2d 329; *Carmon v. Dick,* 170 N.C. 305, 87 S.E. 224. "Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude is in use at the time of severance and is necessary for the reasonable enjoyment of the other part, on a severance of the ownership a grant of the right to continue such use arises by implication of law." 25 Am. Jur. 2d, Easements and Licenses, § 27, p. 440. See, Annot., 34 A.L.R. 233; 100 A.L.R. 1321; 164 A.L.R. 1001. In *Barwick v. Rouse,* *supra,* Winbourne, C.J., stated the three essentials to the creation of an easement by implication upon severance of title to be as follows: "(1) A separation of the title; (2) before the separation took place, the use which gives rise to the easement shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent; and (3) the easement shall be necessary to the beneficial enjoyment of the land granted or retained."

[3-5]    When the complaint in the present case is construed liberally, as we are required to do on demurrer, G.S. 1-151; 6 Strong, N. C. Index 2d, Pleadings, § 19, p. 328, plaintiff's amended complaint does allege sufficient facts to show the existence in this case of the three essentials required for creation of an easement in the roadway over defendant's land. (1) Plaintiff has alleged that prior to 2 July 1937 the Slagles were owners of a large single tract which embraced the land now owned by plaintiff and the land now owned by defendant, and has alleged separation of title on 2 July 1937 by conveyance from the Slagles to plaintiff's predecessor in title of the tract of land now owned by plaintiff. (2) Plaintiff has alleged that for many years prior to 2 July 1937 there was a dwelling located on the tract now owned by him and the roadway in question over the property now owned by defendant was the only means of access to the property now owned by plaintiff. A demurrer admits for the purpose of testing the sufficiency of the pleading the truth of factual averments well stated and relevant inferences of fact reasonably deducible therefrom. 6 Strong, N. C. Index 2d, Pleadings, § 19, p. 331. It can be reasonably inferred from the facts alleged by plaintiff that at the time separation of title occurred on 2 July 1937 and for many

years prior thereto the use of the roadway in question, which was the only means of access to the dwelling house, had been so long continued and was so obvious or manifest as to show it was meant to be permanent. (3) Plaintiff has alleged that his land does not abut any public road and that the roadway leading from the Wayah public road over the land of the defendant is the only way plaintiff can gain access to his property and is necessary to the beneficial enjoyment of his property.

[5, 6] Plaintiff has, therefore, alleged sufficient facts to show the three essentials for creation of an easement by implication in the roadway in question upon the severance of title which occurred on 2 July 1937 when the Slagles conveyed the tract now owned by plaintiff, being the dominant tenement with the easement in the roadway appurtenant thereto, to plaintiff's predecessor in title. Plaintiff also alleged facts sufficient to show that by a mesne conveyance and a devise he obtained title as trustee to such dominant tenement. The easement in the roadway, being appurtenant to the granted land, passed by each conveyance to subsequent grantees thereof. 25 Am. Jur. 2d, Easements and Licenses, § 95, p. 501.

Plaintiff has stated a good cause of action. Accordingly, the judgment appealed from is

Reversed.

Brock and Britt, JJ., concur.