MURPHY, Judge.
 

 *28
 
 Michael Lester and Peggy Louann Bowen (collectively, "Plaintiffs") and Rachel Galambos ("Defendant") dispute whether an easement exists over a portion of Plaintiffs' property. "[C]ourts will find the existence of an easement by implication under certain circumstances[,]"
 

 *29
 
 including when an easement may be implied from prior existing use.
 
 Knott v. Washington Hous. Auth. of the City of Washington
 
 ,
 
 N.C.
 
 ,
 
 70 N.C. App. 95
 
 , 97,
 
 318 S.E.2d 861
 
 , 862 (1984) (citation omitted). The use which gives rise to an implied easement "must have been so long continued and obvious as to show it was meant to be permanent" at the time of the severance.
 
 Wiggins v. Short
 
 ,
 
 122 N.C. App. 322
 
 , 329,
 
 469 S.E.2d 571
 
 , 577 (1996).
 

 On appeal, Plaintiffs contend the trial court erred by: (1) denying their motion for summary judgment; (2) granting Defendant's motion for summary judgment; and (3) finding the existence of an easement implied by prior use. We agree, because as a matter of law, an easement implied by prior use does not exist. Thus, the order allowing Defendant's motion for summary judgment and denying Plaintiffs' motion for summary judgment is in error. We remand to the trial court for further proceedings concerning whether an easement by grant exists.
 

 I. Background
 

 A. Ownership of the Land
 

 Osprey Hills is a small subdivision in Franklin County, comprised of a series of properties that line either side of an unimproved gravel road called Osprey Hills Drive. Osprey Hills Drive is a private road that generally runs north-south and allows property owners within the Osprey Hills subdivision to access Highway 98 to the north. Osprey Hills Drive is the only means of ingress and egress to-and-from the subdivision, and it is built atop a 45-foot-wide private access easement. At its southern end, the gravel road terminates at one of the subdivision's several properties, 235 Osprey Hills Drive ("Tract 6").
 

 From 1996 to 2004, Tract 6 belonged to Charles and Laurie Roy (collectively, "the Roys") as part of a larger property they purchased in 1996. In 1998, the Roys granted a deed of trust to Don E. Fuquay, Trustee, for the benefit of Green Tree Financial Servicing, Lender, on Tract 6. Pursuant to the
 
 *663
 
 terms of the Deed of Trust, the Roys gave up their right to convey an easement over any portion of the property without prior written consent from the lender.
 

 The Roys began developing a portion of the property into the Osprey Hills subdivision in 1998, and they sold other portions of the property as individual tracts of land. Although several of the tracts of land were traditional home-sites, generally rectangular in nature with one of the four sides bordering the private road, two tracts were notably irregular. The first, Tract 6, was purchased by Plaintiffs at a 2004 foreclosure sale
 
 *30
 
 arising out of the 1998 Deed of Trust. The second, 165 Osprey Hills Drive ("Tract 1A"), was purchased by Ann Caron ("Caron") in 2002. In 2002, there were no residential structures on Tract 1A, but by 2014, when Caron sold Tract 1A to Defendant, she had built a house on the southwestern portion of the property.
 

 B. Lay of the Land
 

 By way of orientation, when driving south on Osprey Hills Drive from the highway, there are approximately 1-acre tracts on the left before reaching the roughly 150-foot portion of Tract 1A that borders the road. Continuing straight, a driver then passes another approximately 1-acre tract on the left ("Tract 3") before encountering a narrow, finger-like portion of Tract 6 ahead, where Osprey Hills Drive terminates.
 

 The finger-like portion of Tract 6 extends from the body of the tract towards Osprey Hills Drive and contains Plaintiffs' gravel driveway. It extends from the northern edge of Tract 6 to the southern end of Osprey Hills Drive, abutting the southwestern corner of Tract 3, and borders part of Tract 1A, which surrounds Tract 3 on its north, east, and south. The only portion of Tract 1A that borders the private road is on the northern side of Tract 3. Tract 1A borders a narrow strip of Tract 6, on which the private road turns into Plaintiffs' driveway, on the southern side of Tract 3.
 

 C. The Use of the Land
 

 When the Roys conveyed the undeveloped land that formed Tract 1A to Caron in 2002, its northwestern portion abutted Osprey Hills Drive, as it still does. As a result, Caron had access to her property immediately upon ownership. However, between 2002 and 2004, a portion of the fence that separated the southwestern portion of Tract 1A from the finger-like portion of Tract 6 was removed, and Caron built a home and a driveway on the southwestern portion of Tract 1A. Caron's driveway led to Tract 6's driveway through the break in the fence. During this time, Caron used the portion of Tract 6's driveway now in dispute to access Osprey Hills Drive rather than using the northwestern portion of Tract 1A that abutted Osprey Hills Drive.
 

 When Plaintiffs purchased Tract 6 in 2004, they notified Caron that she was using their property to access her own property. However, due to Caron's age and health, Plaintiffs gave Caron permissive use of their property until she moved. Plaintiffs continued to use the finger-like portion of Tract 6 as their driveway, and also parked implements and planted a grape vine on their side of the fence.
 

 *31
 
 In preparation for selling her house, Caron removed the remainder of the fence that separated Tract 1A from Plaintiffs' property. Plaintiffs began to store implements and vehicles where the fence had been in order to demarcate their property line. Before Defendant purchased Tract 1A, Plaintiffs advised Defendant that they would not extend the permissive use of their driveway to her as they had to Caron. Accordingly, Defendant was able to negotiate an approximately 8% reduction in the purchase price of Tract 1A from Caron in anticipation of litigation. After Defendant purchased Tract 1A, Plaintiffs continued to store implements and equipment where the fence had been. Defendant moved into her house on Tract 1A on 24 July 2014 and had one of Plaintiffs' vehicles towed that evening for blocking her alleged right of way.
 

 D. The Existence of an Easement
 

 The survey maps included in the record on appeal clearly delineate the relevant property boundaries, with one exception; a map filed by Caron in 2003 with the Register of Deeds purports to show an easement benefitting Tract 1A over Tract 6.
 

 *664
 
 After the Roys encumbered Tract 6 with the 1998 Deed of Trust, they recorded a land survey in Map Book 1998, Page 79, while developing Osprey Hills. The survey depicts Osprey Hills Drive terminating at the northern border of Tract 6, with a specific notation that the narrow, finger-like portion of Tract 6 contains an "existing gravel driveway."
 

 Three years later, the Roys recorded Map Book 2001, Page 200.
 
 [1]
 
 It depicts several dashed lines crossing Osprey Hills Drive but, unlike the other map books in the record, does not provide a legend explaining the significance of these lines. Even if a reader were to use the same legend applied in the other map book pages in the record to interpret the dashed lines, Map Book 2001, Page 200 fails to indicate a change to the boundary of Tract 6 or the existence of an easement over Tract 6, and Tract 6 was still subject to the 1998 Deed of Trust.
 

 Caron registered a survey map approximately one month after purchasing Tract 1A. The survey, Map Book 2003, Page 10, of the Franklin County registry, states in relevant part, "THERE IS SOME QUESTION AS TO WEATHER [sic] OR NOT THE PRIVATE ACCESS EASEMENT
 

 *32
 
 RECORDED IN MAP BOOK 1998 PG 79 WAS EXTENDED TO [what became Tract 1A] WITH THE RECORDING OF MAP BOOK 2001 PG 200[.] CONTACT ATTORNEYS FOR DETERMINATION OF ANY ISSUES OF TITLE[.]"
 

 None of the map books in Plaintiffs' chain of title discuss or indicate the existence of an easement across Tract 6 benefitting Tract 1A.
 

 E. Litigation
 

 Plaintiffs filed a complaint on 8 September 2014, seeking declaratory judgment in regard to the existence of the alleged easement over the portion of Tract 6 that extends in front of the southwestern portion of Tract 1A. Defendant filed an answer and counterclaim for declaratory judgment. Defendant and Plaintiffs both moved for summary judgment, and the motions were heard on 1 June 2015. After the hearing, the trial court entered an order granting Defendant's motion for summary judgment and denying Plaintiffs' motion for summary judgment. In doing so, the trial court determined that an easement implied by prior use did in fact exist over Plaintiffs' property.
 
 [2]
 
 Plaintiffs gave timely notice of appeal.
 

 II. Standard of Review
 

 "[The] standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."
 
 In re Will of Jones
 
 ,
 
 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008) (citation and quotation marks omitted). "[A]n issue is genuine if it is supported by substantial evidence, which is that amount of relevant evidence necessary to persuade a reasonable mind to accept a conclusion[.]"
 
 Liberty Mut. Ins. Co. v. Pennington
 
 ,
 
 356 N.C. 571
 
 , 579,
 
 573 S.E.2d 118
 
 , 124 (2002) (internal citations and quotation marks omitted). "[A]n issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action."
 
 Id.
 
 at 579,
 
 573 S.E.2d at 124
 
 (citation and quotation marks omitted). When considering a motion for summary judgment, relevant evidence is viewed in the light most favorable to the nonmoving party.
 
 Id
 
 . at 579,
 
 573 S.E.2d at 124
 
 (citation omitted).
 

 *33
 

 III. Analysis
 

 An easement is a non-possessory right to make limited use of land owned by another without taking a part thereof.
 

 *665
 

 Adelman v. Gantt
 
 , --- N.C. App. ----, ----,
 
 795 S.E.2d 798
 
 , 803 (2016) (quoting
 
 Builders Supplies Co. v. Gainey
 
 ,
 
 282 N.C. 261
 
 , 266,
 
 192 S.E.2d 449
 
 , 453 (1972) ). Although there are multiple types of easements, three are at issue in this case: (1) easements implied by prior use; (2) easements by grant; and (3) prescriptive easements. Plaintiffs allege the affidavits and maps filed in connection with this action show that no easement of any kind existed and therefore they were entitled to summary judgment as a matter of law.
 

 The trial court granted Defendant's motion for summary judgment and denied Plaintiffs' motion for summary judgment based on its conclusion that an easement implied by prior use exists over Tract 6 for the benefit of Tract 1A, and, therefore, it never considered the other methods of establishing an easement. Thus, while we agree with Plaintiffs that an easement implied by prior use does not exist, the trial court never reached the issue of whether an easement by grant exists. We therefore remand for the trial court's consideration of this remaining issue.
 
 [3]
 

 "An easement implied from prior use is generally established by proof: (1) that there was common ownership of the dominant and servient parcels and a transfer which separate[d] that ownership; (2) that, before the transfer, the owner used part of the tract for the benefit of the other part, and that this use was apparent, continuous and permanent; and (3) that the claimed easement [was] 'necessary' to the use and enjoyment of the claimant's land."
 
 Knott,
 

 70 N.C. App. at 98
 
 ,
 
 318 S.E.2d at 863
 
 . "The burden of establishing an easement is upon the party asserting a right to go upon lands to which he does not have title."
 
 Wiggins
 
 ,
 
 122 N.C. App. at 329-30
 
 ,
 
 469 S.E.2d at 577
 
 (citation omitted). Further, in support of a motion for summary judgment, "[s]imply restating the statutory language in affidavit form is inadequate [proof]."
 
 United Cmty. Bank (Georgia) v. Wolfe
 
 ,
 
 369 N.C. 555
 
 , 560,
 
 799 S.E.2d 269
 
 , 273 (2017).
 

 We first note that whether there was common ownership of the dominant and servient parcels and a transfer which separated that ownership is not at issue in the present case. Both the dominant and servient estates were once under the Roys' common ownership. The severance occurred at the time of the Deed of Trust in 1998 when the Roys could no longer change the property or convey an easement.
 

 *34
 
 In regard to the second element necessary to establish the existence of an easement by prior use, that, prior to the transfer, "the owner used part of the tract for the benefit of the other part, and that this use was apparent, continuous and permanent[,]"
 
 Knott,
 

 70 N.C. App. at 98
 
 ,
 
 318 S.E.2d at 863
 
 , "where one conveys a part of his estate, he impliedly grants all of those apparent or visible [appurtenant] easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed ...."
 
 Wiggins
 
 ,
 
 122 N.C. App. at 328
 
 ,
 
 469 S.E.2d at 576
 
 (quoting
 
 Carmon v. Dick
 
 ,
 
 170 N.C. 305
 
 , 306-07,
 
 87 S.E. 224
 
 , 225 (1915) ). However, the use which gives rise to an implied easement "must have been so long-continued and obvious as to show it was meant to be permanent" at the time of the severance.
 
 Wiggins
 
 at 329,
 
 469 S.E.2d at 577
 
 . The "shortest time heretofore recognized as sufficient to imply an easement is thirteen years."
 
 CDC Pineville, LLC v. UDRT of North Carolina, LLC
 
 ,
 
 174 N.C. App. 644
 
 , 654,
 
 622 S.E.2d 512
 
 , 519 (2005) (quoting
 
 Tower Dev. Partners v. Zell
 
 ,
 
 120 N.C. App. 136
 
 , 144,
 
 461 S.E.2d 17
 
 , 23 (1995) ). However, "[t]he majority of cases finding an easement by prior use were cases with a use in excess of 30 years."
 
 Id.
 
 at 654,
 
 622 S.E.2d at
 
 519-20 (citing
 
 Spruill v. Nixon
 
 ,
 
 238 N.C. 523
 
 ,
 
 78 S.E.2d 323
 
 (1953) (at least 35 years);
 
 Biggers v. Evangelist
 
 ,
 
 71 N.C. App. 35
 
 ,
 
 321 S.E.2d 524
 
 (1984),
 
 disc. review denied
 
 ,
 
 313 N.C. 327
 
 ,
 
 329 S.E.2d 384
 
 (1985) (30 years);
 
 McGee v. McGee
 
 ,
 
 32 N.C. App. 726
 
 ,
 
 233 S.E.2d 675
 
 (1977) (60 years);
 
 Dorman v. Wayah Valley Ranch, Inc.
 
 ,
 
 6 N.C. App. 497
 
 ,
 
 170 S.E.2d 509
 
 (1969) (42 years)).
 

 In the instant case, Defendant offered an affidavit by the former common owner, Mr. Charles Roy ("Mr. Roy"), in an attempt to show apparent, continuous, and permanent use. In this affidavit, Mr. Roy states that he drove over Tract 6 to access what became Tract 1A during the period during which he
 
 *666
 
 owned both properties (1996-2002). Mr. Roy does not, however, specify: (1) the frequency of this use, (2) which specific portion of either property was used and/or benefitted, or (3) how such use would be obvious to a third party. Mr. Roy then offers, without elaboration, that his use of Tract 6 to benefit what became Tract 1A "was apparent, continuous, and permanent." The record shows a lack of continuous and permanent use, as the Roys only owned Tract 6 for two years before the property was bound by the terms of the Deed of Trust, preventing the establishment of an easement. Even if the entire period in which the Roys owned Tract 6 was considered, it was only six years before Tract 1A was sold to Caron and, at the time, a fence separated the two tracts. Furthermore, there was no evidence to suggest that the purported use was visible or apparent at the time of the severance.
 
 *35
 
 Though there was common ownership followed by a separation of the properties, there is no genuine issue of material fact that the use was not so long-continued and obvious as to show it was meant to be permanent. Therefore, the trial court erred by concluding that Defendant has an easement implied by prior use over the portion of Plaintiffs' property. As the alleged easement did not meet the temporal requirements, we need not address whether the alleged easement was necessary.
 

 IV. Conclusion
 

 We reverse the trial court with respect to the determination that Defendant has an easement implied by prior use over Plaintiffs' property. Consequently, we must vacate the order allowing Defendant's motion for summary judgment and denying Plaintiffs' motion for summary judgment, and remand to the trial court for further proceedings concerning whether there is a genuine issue of material fact as to the existence of an easement by grant.
 

 REVERSED IN PART AND REMANDED.
 

 Judges HUNTER, JR. and DAVIS concur.
 

 [1]
 

 In Map Book 2001, Page 200, the Roys created Tract 10 by subtracting 0.689 acres from Tract 1A. However, when deeding Tract 1A to Caron, the Roys referred to the tract they previously recorded in "Book of Maps 1998, Page 133, Franklin County Registry" and specifically noted that Tract 10 was included in the approximately 20 acres they sold as Tract 1A.
 

 [2]
 

 Defendant's answer and counterclaim included a private nuisance claim; however, neither party moved for summary judgment on that claim, and, thus, the trial court made no ruling as to that claim in its order allowing Defendant's motion for summary judgment and denying Plaintiffs' motion for summary judgment. This claim was resolved per an order entered 7 October 2016 and is not a part of this appeal.
 

 [3]
 

 We need not remand for the trial court to consider whether a prescriptive easement exists because Defendant conceded it did not at the summary judgment hearing.